1

2                          IN THE UNITED STATES DISTRICT COURT

3                       FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6

7

8

9   DANIEL LAMOUNT GREEN,

10              Plaintiff,                         CV F 07 0113 LJO WMW PC

11        vs.                                      FINDINGS AND RECOMMENDATION

12

13   KIMBERLY HALL, et al.,

              Defendants.

14

15

            Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42
16
     U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.
17
     § 1915.
18
            On January 3, 2008, the court sent to plaintiff an order granting his application to
19
     proceed in forma pauperis.  On January 11,  2008,  the order served on plaintiff was returned by
20
     the U.S. Postal Service as undeliverable.
21
            Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required
22
     to keep the court apprised of his or her current address at all times.  Local Rule 83-183(b)
23
     provides, in pertinent part:
24

25
            If mail directed to a plaintiff in propria persona by the Clerk is
26

                                                 1

1

2
> returned by the U.S. Postal Service, and if such plaintiff fails to
> notify the Court and opposing parties within sixty (60) days
> thereafter of a current address, the Court may dismiss the action
> without prejudice for failure to prosecute.

3

4
In the instant case, sixty days have passed since plaintiff's mail was returned and he has not

5
notified the court of a current address.

6
In determining whether to dismiss an action for lack of prosecution, the court

7
must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)

8
the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

9
policy favoring disposition of cases on their merits; and (5) the availability of less drastic

10
sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d

11
1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this

12
litigation and the court's interest in managing the docket weigh in favor of dismissal.  The court

13
cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of his

14
address.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since

15
a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

16
action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

17
policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor

18
of dismissal discussed herein.  Finally, given the court's inability to communicate with plaintiff

19
based on plaintiff's failure to keep the court apprised of his current address, no lesser sanction is

20
feasible.

21
Accordingly, the court HEREBY RECOMMENDS that this action be dismissed

22
for plaintiff's failure to prosecute.

23
These findings and recommendations are submitted to the United States District

24
Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

25
twenty days after being served with these findings and recommendations, plaintiff may file

26
written objections with the court.  Such a document should be captioned "Objections to

1   Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

2   objections within the specified time may waive the right to appeal the District Court's order.

3   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4

5   IT IS SO ORDERED.

6   **Dated:    March 11, 2008**                          /s/  **William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26